### HOBBS MFG. CO. v. GOODING et al.

(Circuit Court of Appeals, First Circuit. January 24, 1902.)

#### No. 366.

INJUNCTION—SUIT FOR INFRINGEMENT OF PATENT—MISUSE OF COURT'S OPINION.

The mere fact that a complainant in a suit for infringement of a patent, in whose favor a decision has been rendered by the circuit court of appeals, before the sending down of the mandate publishes circulars in which he makes extravagant claims as to the scope of the decision, based upon his interpretation of the court's opinion, is ordinarily not

such a case of wrongdoing as calls for the court's interference by injunction, though it may probably exercise such power in an extreme case. ·

On Petition for an Order Restraining Complainant, and for Other Relief.

Edward S. Beach, for complainant. '

William A. Macleod, for petitioners.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. Upon this petition for relief against what is claimed to be an unwarrantable use of the opinion of this court, after decision and before mandate was handed down, we need not examine or discuss the question of jurisdiction. Neither need we discuss the question of the power, nor the extent of the power, of this court in respect to punishment for contempt in misuse or abuse of its process. Nor is the power of the court over its own process, as between the parties, necessarily controlled by the rule of noninterference with press publications as to disputed rights and claims of different parties as to the scope of its decisions. It is probably true that, in a case of honest disagreement or misunderstanding as to the true import of a decision, or in an extreme case of abuse or misuse of process for the purpose of impairing or destroying rights sought to be established by the court through its decision, the court may proceed summarily in reference thereto. Such power, however, would be exercised with reluctance, and ordinarily only in an extreme or clear case.

The circular letter complained of sets out more than the court decided, but an examination of the opinion discloses no ambiguity or uncertainty as to what was decided; and, on the whole, we do not think the facts set out in the petition constitute a case of such wrongdoing as calls for our interference. At the most, it was an extravagant claim by a party as to the scope of the decision, based upon his interpretation of the opinion which this court had handed down.

Petition denied.